UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JENS SEJERSEN,

                              Plaintiff,

               -against-                                    3:11-CV-1405 (LEK/VEB)

MICHAEL J. ASTRUE, Commissioner
of Social Security,

                              Defendant.

_____

## DECISION and ORDER

## I.    INTRODUCTION

        This matter comes before the Court following a Report-Recommendation filed on January

18, 2013, by the Honorable Victor Bianchini, United States Magistrate Judge, pursuant to 28 U.S.C.

§ 636(b) and Local Rule 72.3(d) of the Northern District of New York.  Dkt. No. 17 ("Report-

Recommendation").  Plaintiff Jens Sejersen ("Plaintiff") filed Objections to the Report-

Recommendation on January 31, 2013, and the Commissioner filed a Memorandum of law in

opposition to Plaintiff's Objections on February 4, 2013.  Dkt. Nos. 18 ("Objections"), 19

("Opposition").

## II.    BACKGROUND

        Plaintiff applied for Supplementary Security Income ("SSI") and Social Security Disability

Insurance ("SSDI") benefits on November 12, 2009.  Report-Rec. 2.  After a January 28, 2011,

hearing before an Administrative Law Judge ("ALJ"), Plaintiff's application was denied, although

the ALJ found that Plaintiff's borderline intellectual functioning impairment was severe.  Id. at 2, 5.

On November 3, 2011, the Appeals Council denied Plaintiff's request for review, rendering the

ALJ's June 9, 2011, written decision the final decision of the Commissioner.  Id. at 2.  Plaintiff

subsequently filed this appeal.

In his Report-Recommendation, Judge Bianchini recommended that the Commissioner's

decision denying Plaintiff SSI and SSDI benefits be affirmed in full.  Id. at 22.  For the following

reasons, the Court adopts the Report-Recommendation in its entirety and dismisses Plaintiff's

Complaint.  Dkt. No. 1 ("Complaint").

### III.    STANDARD OF REVIEW

The Court is to "make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b).  Where,

however, an objecting "party makes only conclusory or general objections, or simply reiterates his

original arguments, the Court reviews the Report and Recommendation only for clear error."  Farid

v. Bouey, 554 F. Supp. 2d 301, 306 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp.

2d 672, 679 (S.D.N.Y. 2007)); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at

*2-3 (N.D.N.Y. Sept. 22, 1997).  "A [district] judge . . . may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

### IV.    DISCUSSION

#### A. The Report-Recommendation

In his Report-Recommendation, Judge Bianchini addressed three arguments Plaintiff

advanced seeking reversal of the ALJ's decision.  Plaintiff contended, first, that the ALJ should

have concluded that several of Plaintiff's impairments (other than borderline intellectual

functioning) were also severe;[1] second, that the ALJ erred in finding that Plaintiff's impairments did

not meet or medically equal the impairment set forth at § 12.05(C) of the Listing of Impairments;[2]

and third, that the ALJ's credibility determination was unsupportable.  Report-Rec. 6.  Judge

Bianchini rejected each of these arguments because the ALJ's conclusion was consistent with

applicable law and supported by substantial evidence.  See generally Report-Rec.  For a more

detailed description of Plaintiff's claims, reference is made to the Report-Recommendation.

### B.  The Objections

Plaintiff raises two objections to the Report-Recommendation: first, that several of his

impairments should have been found to be severe; and second, that he had the requisite deficiencies

in adaptive functioning to meet § 12.05(C) of the Listing of Impairments.  See generally Obj.

### C.  Decision to Adopt the Report and Recommendation

Judge Bianchini already addressed Plaintiff's arguments regarding the severity of his

impairments and rejected them.  See Report-Rec. 6-14.  Accordingly, the Court reviews that aspect

of the Report-Recommendation only for clear error.  Farid, 554 F. Supp. at 306.  The Court finds no

error there.

Therefore, because Plaintiff's only severe impairment is borderline intellectual functioning,

---

[1] A determination of severity is part of the Commissioner's five-step evaluation process to determine whether individuals are disabled under the Social Security Act.  See 20 C.F.R. §§ 404.1520, 416.920.

[2] "Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested . . . before age 22.  The required level of severity for this disorder is met when . . . [the applicant has a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."  20 C.F.R. pt. 404, subpt. P, app'x 1 § 12.05(C) (2012).  An additional impairment is significant if it is "severe" under the Social Security Act.  Edwards v. Astrue, No. 5:07-CV-0898, 2010 WL 3701776, at *6 (N.D.N.Y. Sept. 16, 2010); see supra n.1.

he cannot meet § 12.05(C) of the Listing of Impairments, which requires a second severe impairment.  See supra n.2.  Even if Plaintiff had a second severe impairment, Judge Bianchini already addressed Plaintiff's arguments regarding the deficiencies in adaptive functioning necessary to meet § 12.05(C) of the Listing of Impairments and rejected them.  See Report-Rec. 15-16.  The Court finds no clear error in Judge Bianchini's analysis on that point either.  Farid, 554 F. Supp. at 306; cf. Talavera v. Astrue, 697 F.3d 145, 153-54 (2d Cir. 2012) (affirming denial of benefits for failure to demonstrate qualifying deficits in adaptive functioning under § 12.05(C)).  Plaintiff therefore still could not meet § 12.05(C) of the Listing of Requirements.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 17) is **APPROVED and ADOPTED in its ENTIRETY**; and it is further

**ORDERED**, that the decision of the Commissioner is **AFFIRMED;** and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

DATED:     February 11, 2013
           Albany, New York

Lawrence E. Kahn
U.S. District Judge